DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from the judgment of the Wood County Court of Common Pleas, which sentenced appellant, Luis Melendez, to three years in prison, for his conviction of trafficking in marijuana with specification, in violation of R.C. 2925.03(A)(2)and (C)(3)(e), a felony of the third degree.
 {¶ 2} Appellant entered a plea of guilty for his violation of R.C. 2925.03(A)(2) and (C)(3)(e) on August 3, 2007. The plea was accepted and appellant was convicted. *Page 2 
Appellant was sentenced to a term of five years in the Ohio Department of Rehabilitation and Corrections. Appellant filed a timely notice of appeal and raises the following assignments of error:
 {¶ 3} "I. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio.
 {¶ 4} "II. The trial court abused its discretion and erred to the prejudice of appellant at sentencing by disregarding statutorily mandated consistency requirements under O.R.C. § 2929.11(B)."
 {¶ 5} The following facts are relevant to the issues raised on appeal. Appellant was originally indicted on two counts. Count 1, trafficking in marijuana in violation of R.C. 2925.03(A)(2) and (C)(3)(f), a felony of the second degree; and Count 2, possession of marijuana a violation of R.C. 2925.11(A) and (C)(3)(f), a felony of the second degree. On August 3, 2007, the state amended Count 1 to trafficking in marijuana with a forfeiture specification, a violation of R.C. 2925.03(A)(2) and (C)(3)(e), a third degree felony, and dismissed Count 2.
 {¶ 6} After being advised of the constitutional rights he would be waiving by entering a plea, and the potential penalties involved, appellant pled guilty to Count 1 as amended. Upon accepting appellant's plea, the trial court advised appellant regarding the consequences of continuing with sentencing on that date, as opposed to allowing time for a presentence investigation report. *Page 3 
 {¶ 7} COURT: "Mr. Melendez, if I proceed today with sentencing, two things could happen — one, today I could not give you community control sanctions because I do not have a presentence report. Do you understand that?"
 {¶ 8} MELENDEZ: "Yes."
 {¶ 9} COURT: "Secondly, once you went to prison, because that's the only option I would have[,] I could not do anything to release you early from prison because I would not have that report. Do you understand that?"
 {¶ 10} MELENDEZ: "Yes, Your Honor."
 {¶ 11} COURT: "Knowing those two things, do you want to go ahead and proceed with sentencing today?"
 {¶ 12} MELENDEZ: "Yes."
 {¶ 13} Finding that appellant fully understood the consequences of continuing without a presentence investigation report, the trial court proceeded directly to sentencing. The state recommended the imposition of a five year prison sentence, stating that appellant had cooperated in the investigation of his co-defendant. Appellant's trial counsel, speaking on behalf of appellant, then asked the trial court to accept the "joint recommendation" of the five year prison term, stating that the issues of postrelease control, community control and presentence investigation had been discussed. After both parties had spoken, the trial court dismissed Count 2 of the indictment. The trial court carefully reviewed the record, all oral statements, the purposes and principles of *Page 4 
sentencing pursuant to R.C. 2929.11, the seriousness and recidivism factors pursuant to R.C. 2929.12, and sentenced appellant to five years imprisonment.
 {¶ 14} Appellant's assignments of error both concern sentencing and therefore will be considered together. Appellant argues in his first assignment of error that he received ineffective assistance of counsel because trial counsel failed to request a presentence investigation report. By not requesting a presentence investigation report, appellant argues that he was prejudiced because his sentencing options were restricted. In his second assignment of error, appellant argues that his sentence did not meet the consistency of sentencing requirements, pursuant to R.C. 2929.11(B), because his co-defendant received only two years in prison for the same conviction.
 {¶ 15} A sentence is not subject to appellate review if the sentence "has been recommended jointly by the defendant and the prosecutor in the case, and is imposed by the sentencing judge." R.C. 2953.08(D)(1). Appellant specifically asked the trial court to accept the joint recommendation of sentencing. Thus, we find that appellant's sentence is not subject to appellate review. Additionally, we note that failure to request a presentence investigation report does not constitute ineffective assistance of counsel. State v. Berch (Aug. 25, 1993) 7th Dist. No. 91-CA-222. Accordingly, we find that the trial court did not abuse its discretion in sentencing appellant to a term within the statutory range for a third degree felony. Appellant's first and second assignments of error are therefore found not well-taken. *Page 5 
 {¶ 16} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J, Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1